## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

CHRISTINE M. NORDGREN,

                Plaintiff,

v.

HENNEPIN COUNTY et al.,

                Defendants.

Civil No. 21-125 (JRT/TNL)

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND JUDGMENT**

---

May Yang, **LAW OFFICE OF MAY C. YANG**, P.O. Box 16202, Saint Paul, MN 55116, for plaintiff.

Caroline Brunkow and Shannon M. Harmon, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, 300 South Sixth Street, Minneapolis, MN 55487, for the Hennepin County defendants.

Emily Beth Anderson and Scott H. Ikeda, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, Saint Paul, MN 55101, for defendant Jodi Harpstead.

Julia J. Nierengarten, Besse McDonald, and Nicole L. Brand, **MEAGHER & GEER PLLP**, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402, for the Nystrom & Associates, Ltd. defendants.

Peter G. Van Bergen and Rachel B. Beauchamp, **COUSINEAU, VAN BERGEN, MCNEE & MALONE PA**, 12800 Whitewater Drive, Suite 200, Minnetonka, MN 55343, for defendant Craig Rice.

      Plaintiff Christine Nordgren brought several federal civil rights and state law claims

against Jodi Harpstead, Commissioner of the Minnesota Department of Human Services;

Hennepin County and various County officers and employees (collectively, the "County

Defendants"); Nystrom & Associates, Ltd. and various employees (collectively the "Nystrom Defendants"); and Craig Rice.  The claims arise from a Minnesota state court's decision to terminate Nordgren's parental rights.

On August 25, 2021, the Court granted the County Defendants', Defendant Harpstead's, and Defendant Rice's Motions to Dismiss and the Nystrom Defendants' Motion for Judgment on the Pleadings.  (*See* Harpstead Mot. Dismiss, Feb. 23, 2021, Docket No. 29; County Mot. Dismiss, Mar. 9, 2021, Docket No. 44; Rice Mot. Dismiss, Mar. 24, 2021, Docket No. 59; Nystrom Mot. J. Pleadings, May 14, 2021, Docket No. 88.; Sealed Order ("Order") at 15–16, Aug. 25, 2021, Docket No. 116.)  Accordingly, Nordgren's action was dismissed in its entirety.

The case is once again before the Court on Nordgren's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) asking the Court to reconsider her arguments and to permit her to file a motion to amend her pleadings.  (Mot. Am. J., September 27, 2021, Docket No. 123.)  Because Nordgren's Motion is in substance a motion to reconsider filed without the Court's permission, the Court will deny the motion.

## DISCUSSION

### I. STANDARD OF REVIEW

A motion to alter or amend a judgment under Rule 59(e) serves the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence."  *Innovative Home Health Care, Inc. v. P.T.–O.T. Assocs. of the Black Hills*, 141

F.3d 1284, 1286 (8th Cir. 1998) (internal quotation marks omitted).  Rule 59(e) motions cannot be used to introduce evidence that was available prior to entry of judgment, to re-litigate old issues or to advance new theories and are "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993); *Wood v. Kapustin*, No. 13-1495, 2014 WL 3734248, at *1 (D. Minn. July 28, 2014).  Thus, when a motion under Rule 59(e) "seeks essentially the same relief as that denied by the [Court's previous] Order, the Motion will be construed as a motion to reconsider." *United States v. Petters*, No. 08-5348, 2016 WL 4925783, at *1 (D. Minn. Sept. 15, 2015).

In the District of Minnesota, a party "must not file a motion to reconsider" without first showing "compelling circumstances" and obtaining permission from the Court.  D. Minn. L.R. 7.1(j).

## II.    ANALYSIS

Although Nordgren's motion is entitled a motion to amend the judgment, Nordgren, as a practical matter, asks the Court to reverse the decisions in its Order and allow her to file a motion to amend her pleadings.  (Pl.'s Sealed Mem. Supp. Mot. Am. J. at 28, Sept. 27, 2021, Docket No. 128.)  Specifically, "Nordgren deems the Court committed manifest errors in reaching its factual and legal conclusions contained in its Order dated August 25, 2021." (*Id*. at 9.)  Nordgren asserts that the Court incorrectly

found that it lacked jurisdiction over her claims under the *Rooker-Feldman* doctrine, that

the "penalty" exception did not apply to her Fifth Amendment claims, and that she did

not plausibly plead 42 U.S.C. § 1983 claims. (*Id*. at 11–28.)  Despite Nordgren's arguments

that the Court committed error, her only requested "amendment" is that the Court allow

her to amend her pleadings.[1] (*Id*. at 28.)

Allowing Nordgren to amend her complaint would necessarily revive her dismissed

action and effectively reverse the Court's prior decisions granting the Defendants' various

motions.  As a result, Norgren seeks not to alter or amend the Court's judgment, but to

have the Court simply reconsider its previous Order and find in her favor.  Tellingly,

Nordgren advances arguments already considered by this Court and even goes so far as

---

[1] The Court previously considered and denied Nordgren's request to amend her pleadings in the Order because it would be futile.  (Order at 14–15.)  Nordgren appears to contend that the Court made a manifest error of law in not granting leave to amend.

However, Nordgren's purported request for leave to amend was never brought by formal motion and, instead, was encompassed in the final sentences of her opposition to the Defendants' plethora of motions.  (Pl.'s Mem. Opp. Harpstead's Mot. Dismiss at 16, Mar. 16, 2021, Docket No. 51; Pl.'s Mem. Opp. County Defs.' Mot. Dismiss at 25, Apr. 13, 2021, Docket No. 68; Pl.'s Mem. Opp. Rice's Mot. Dismiss at 29, Apr. 14, 2021, Docket No. 74; Pl.'s Mem. Opp. Nystrom Defs.' Mot. J. Pleadings at 40, June 4, 2021, Docket No. 109.)  Nordgren's request, therefore, failed to offer proposed amendments as required by Local Rule 15.1(b) and controlling case law.  D. Minn. L.R. 15.1(b) ("Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows . . . how the proposed amended pleading differs from the operative pleading."); *Clayton v. White Hall School Dist.,* 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion."); *Wolgin v. Simon,* 722 F.2d 389, 395 (8th Cir. 1983) ("We hold that to preserve the right to amend a complaint a party must submit a proposed amendment along with its motion.").  Thus, Nordgren's request was never proper, and the error, if any, was considering it at all in the Order.

to explicitly refer the Court back to the arguments and law in her memoranda opposing the Defendants' motions.  (*Id.* at 14, 21, 26–27.)   In this light, Nordgren's motion is properly construed as a motion to reconsider.  *BBCA, Inc. v. United States*, 954 F.2d 1429, 1431–32 (8th Cir. 1992) ("[T]he substance of a motion rather than the form of a motion is controlling."); *In re Nash Finch Co. Securities Litigation*, 338 F. Supp. 2d 1037, 1038 (D. Minn. 2004) (holding that a plaintiff's motion to amend "is nothing more than a motion to reconsider" when the plaintiff "simply wants the Court to reconsider its decision.").

Motions to reconsider are subject to the procedure set out in Local Rule 7.1(j), and parties are prohibited from filing such motions without express permission of the Court upon a showing of compelling circumstances.  Nordgren has not asked for permission to seek reconsideration of the Court's Order and has not complied with the District of Minnesota's Local Rules.  The Court will therefore deny her motion.[2]

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Nordgren's Motion to Alter or Amend Judgment [Docket No. 123] is **DENIED**.

---

[2] Defendant Rice asks the Court to sanction Nordgren and her counsel in the amount of $1,000 for each Defendant for asking the Court to reconsider its Order without the Court's permission and under the guise of a motion to amend.  (Rice Mem. Opp. Mot. Am. at 7–8, Oct. 6, 2021, Docket No. 138.)

The Court has inherent authority to impose sanctions if a party's conduct abuses the judicial process.  *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018).  Although Nordgren's motion ultimately proved to be improper, the Court finds it unnecessary at this time to impose the requested sanctions.

DATED:  April 15, 2022
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court